IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

LOUIS HERRINGTON,                )
                                 )
            Plaintiff,           )
                                 )
v.                               )   Case No. CIV-10-316-KEW
                                 )
MICHAEL J. ASTRUE,               )
Commissioner of Social           )
Security Administration,         )
                                 )
            Defendant.           )

## OPINION AND ORDER

Plaintiff Louis Herrington (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. See, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. See generally, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

two inquiries:   first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied.  Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted).   The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  The court may not re-weigh the evidence nor substitute its discretion for that of the agency.  Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight."  Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on February 1, 1961 and was 47 years old at the time of the ALJ's decision.  Claimant completed his education through the eleventh grade and received some vocational automotive training.  Claimant worked in the past as an automobile mechanic.

Claimant alleges an inability to work beginning March 1, 2005 due to limitations arising from Graves disease, atrial fibrillations, hypertension, non-insulin dependent diabetes, chest pain, respiratory difficulties, arthritis of the lumbar and thoracic spine, obesity, and PTSD.

### Procedural History

On June 21, 2006, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On April 9, 2008, an administrative hearing was held before ALJ Kim Parrish in Ardmore, Oklahoma. On May 30, 2008, the ALJ issued an unfavorable decision on Claimant's applications. On June 22, 2010, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform a wide range of light work.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in failing to properly evaluate the medical opinions of the consultative examiner.

**Evaluation of Consultative Medical Opinion**

Claimant contends the ALJ failed to properly consider the opinion of the consultative mental examiner utilized in the case, Dr. Annette Miles. On August 14, 2006, Claimant underwent a consultative examination by Dr. Miles. Claimant reported mental illness in his family and mental abuse by his father when he was a child. He never received any psychiatric or mental health treatment. Claimant stated he was not happy, had no energy, no initiative, poor concentration, and sleep problems. Claimant was obese and minimally cooperative. He exhibited a normal gait, motor activity, speech, affect, and mood. (Tr. 253).

Dr. Miles diagnosed Claimant at Axis I: PTSD, moderate; Axis II: Diagnosis deferred; Axis III: Grave's disease, high blood pressure; Axis IV: Unemployment; Axis V: Current GAF of 51. (Tr. 255). Dr. Miles estimated that Claimant's condition is expected to improve significantly within the next 12 months with proper mental health treatment. She also found Claimant is able to understand, remember, sustain concentration, persist, socially interact, and

adapt to work-related activities with moderate impairment. She believed Claimant did not give his best effort on some of the tasks. Id.

In his decision, the ALJ determined Claimant suffered from the severe impairments of hyperthyroid condition, atrial fibrillation, and diabetes mellitus. (Tr. 14). He concluded Claimant could perform a wide range of light work, finding he could occasionally lift and/or carry (including upward pulling) 20 pounds and frequently lift and/or carry (including upward pulling) 10 pounds, stand and/or walk (with normal breaks) for 6 hours out of an 8 hour workday, sit (with normal breaks) for 6 hours in an 8 hour workday, and unlimited pushing and pulling. The ALJ also found Claimant had a non-exertional limitation in avoiding all exposure to unprotected heights and dangerous machinery. (Tr. 16). Adopting the testimony of the vocational expert, the ALJ found Claimant could perform the jobs of service station attendant, ticket taker, and counter clerk. (Tr. 20-21).

Claimant contends the ALJ should have stated whether he accepted or rejected Dr. Miles' opinion and provided the weight to which the opinion was entitled. The ALJ recited many of the findings by Dr. Miles but not the finding of moderate PTSD and the moderate impairment on specified activities. The ALJ is required to evaluate every medical opinion, including those from acceptable

6

medical sources. <u>Salazar v. Barnhart</u>, 468 F.3d 615, 625-26 (10th Cir. 2006). Even non-treating consultative physician's opinions must be evaluated under the factors listed in 20 C.F.R. §§ 1527(d) and 416.927(d). <u>Doyal v. Barnhart</u>, 331 F.3d 758, 764 (10th Cir. 2003). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); <u>Robinson v. Barnhart</u>, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." <u>Id</u>. "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." <u>Watkins</u>, 350 F.3d at 1301 (quotations omitted).

On remand, the ALJ shall state the weight given to Dr. Miles opinion. Additionally, the ALJ shall consider the totality of Dr. Miles' findings, including her moderate PTSD and the moderate limitations on his abilities.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

DATED this 26th day of September, 2011.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE